**KENTUCKY BAR ASSOCIATION,**
Movant,

v.

**Benjamin C. HALL, Respondent.**

**No. 2004–SC–1103–KB.**

Supreme Court of Kentucky.

March 17, 2005.

---

**OPINION AND ORDER**

The Kentucky Bar Association (KBA) brought these actions against Respondent, Benjamin C. Hall of Pikeville, Kentucky. The first charge, File No. 11244, alleges violations of SCR 3.130–1.3 (lack of diligence), SCR 3.130–1.16(d) (improper termination of representation), SCR 3.130–3.2 (failing to expedite litigation), SCR 3.130–1.15(b) (failing to return property of a client), and SCR 3.130–8.1(b) (failing to respond to a disciplinary authority).

The second charge, File No. 11269, alleges violations of SCR 3.130–1.3 (lack of diligence), SCR 3.130–1.4(a) (lack of communication), SCR 3.130–3.2 (failing to expedite litigation), SCR 3.130–1.16(d) (improper termination of representation), and SCR 3.130–8.1(b) (failing to respond to a disciplinary authority).

File No. 11244

The foregoing ethical violations alleged in File No. 11244 arose in connection with Respondent's representation of Paul Maynard. On August 22, 2003, Maynard paid Respondent $250.00 to file a motion to hold his ex-wife in contempt for failure to comply with certain matters in his dissolution of marriage case. On August 29, 2003, Maynard paid Respondent an additional $250.00 towards the attorney's fee. Respondent failed to file a motion on behalf of Maynard after being paid to do so, and Maynard was forced to hire another attorney for $350.00 to file the appropriate motion and paperwork. Mr. Maynard contacted Respondent to request his money back, but he never received a refund of the unearned fee from Respondent.

File No. 11269

The foregoing ethical violations in connection with File No. 11269 arose from Respondent's representation of Bert Roe. On July 22, 2002, Roe paid Respondent $1,200.00 to file a Chapter 7 bankruptcy petition on his behalf. Respondent prepared the petition and sent it to Roe in January 2003, six months after the payment of the attorney's fee. Roe reviewed the petition and telephoned Respondent with corrections. Respondent did not send a second bankruptcy petition to Roe for his review until April 2003.

When Respondent finally did send a second petition to Roe, Roe's name was misspelled. Roe promptly telephoned Respondent informing him of the mistake. Respondent explained to Roe that he had to file his case "on line" and was not sure how to accomplish such a filing. In August 2003, Roe went to Respondent's office, and both he and Respondent went to the Bankruptcy Court Clerk's Office and filed the petition.

Later in August 2003, Roe received a Notice of Dismissal from the Bankruptcy Court indicating that his case would be dismissed for failure to pay the filing fee. Roe promptly spoke with Respondent, who explained to Roe that the filing fees were not paid, but that Respondent would take care of the matter. Later, an Order of Dismissal was entered for failure to pay the filing fees.

Roe repeatedly tried to contact Respondent, but Respondent did not return his telephone calls. In November 2003, Roe called Respondent and spoke with his wife. She apologized to Roe and explained to him that she would send back the file, along with a check for $800.00 representing the unearned fee. Roe never received either the fee or the file.

Procedural Factual Findings of Default

On December 29, 2003, Respondent was served by certified mail with copies of the bar complaint lodged against him by Complainants, Maynard and Roe. When he failed to respond to the bar complaint, Respondent was personally served by the Pike County Deputy Sheriff on February 10, 2004, with reminder letters.

The charges issued by the Inquiry Commission on May 13, 2004, in File Nos. 11244 and 11269 were personally served on Respondent by the Pike County Deputy Sheriff on May 25, 2004, and May 26, 2004, respectively.

Respondent never filed a response to the bar complaints served upon him by the Complainants Maynard and Roe. Respondent never filed a response to the charges issued against him in File Nos. 11244 and 11269. With respect to the charge issued against him in File No. 11269, Respondent did file a motion requesting an extension of time and requesting appointment of counsel. His motion was, in effect, partially denied by the Inquiry Commission in that Respondent was given leave to file a proper motion requesting an appointment of counsel pursuant to SCR 3.300, and was given an extension of time until August 1, 2004, to respond to the charge. Notwithstanding the leave granted by the Inquiry Commission, Respondent never filed a response to the charge.

ACCORDINGLY, IT IS HEARBY ORDERED:

(1) Respondent, Benjamin C. Hall, is suspended from the practice of law in the Commonwealth of Kentucky for 181 days to run concurrently for both File Nos. 11244 and 11269.

(2) Pursuant to SCR 3.390, Respondent shall, within ten (10) days from the entry of this Opinion and Order, notify in writing all courts in which he may have matters pending, and all clients for whom he is actively involved, of his inability to provide further legal services, and furnish the Director of the Kentucky Bar Association with a copy of all such letters.

(3) In accordance with SCR 3.450, Respondent shall pay all costs associated with these disciplinary proceedings against him, including the amount of $277.28 and for which execution may issue from this Court upon finality of this Opinion and Order.

All concur.

ENTERED: March 17, 2005.

/s/ Joseph E. Lambert

Chief Justice